# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

—————

No. 04-1925

—————

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Calvin Patrick McLenon, | * | |
| | * | [UNPUBLISHED] |
| Defendant-Appellant. | * | |

—————

Submitted: August 26, 2004
Filed: September 7, 2004

—————

Before BYE, LAY, and RILEY, Circuit Judges.

—————

PER CURIAM.

Calvin McLenon and two passengers were traveling eastbound on Interstate 80 through Nebraska when they were stopped by a state patrol trooper after committing two traffic violations. After executing the stop, the trooper received deceptive information from McLenon about his criminal history and inconsistent travel stories from McLenon and one of the passengers. The trooper also detected a strong odor of air freshener coming from the interior of the vehicle. His suspicions aroused, the trooper asked for and received consent from McLenon to search the vehicle. The trooper discovered a large amount of marijuana. McLenon thereafter was indicted for possession with intent to distribute marijuana. He entered a plea of guilty but

reserved the right to appeal the denial of his motion to suppress all evidence seized during what he claims was an unlawful detention that rendered his consent to search the vehicle invalid.

Having reviewed the record *de novo*, see United States v. Walker, 324 F.3d 1032, 1036 (8th Cir. 2003), we conclude the district court[1] did not err in denying the motion to suppress. In particular, we agree with the district court's finding that, considering the totality of the circumstances, the traffic stop did not become an unlawful detention. See United States v. Long, 320 F.3d 795, 800 (8th Cir. 2003) (stating the court must examine the totality of the circumstances to determine whether or not an officer has reasonable suspicion of criminal activity to expand his investigation during a traffic stop, and recognizing that the officer's suspicions may be unrelated to the traffic offense which served as the basis for the stop). Several factors supported the trooper's decision to seek permission to search the vehicle, including the origination and destination points of the trip, McLenon's deceptive answers concerning his criminal history, and the discrepancies in travel stories from McLenon and a passenger. We further agree with the district court's finding that the length of the entire stop, about thirty minutes, did not convert the stop into an unlawful detention. See United States v. Foley, 206 F.3d 802, 806 (8th Cir. 2000) (finding detention of less than thirty minutes following a traffic stop reasonable under the circumstances); United States v. White, 42 F.3d 457, 460 (8th Cir. 1994) (finding delay of one hour and twenty minutes while awaiting arrival of a drug dog reasonable under the circumstances).

Accordingly, we affirm the decision of the district court. See 8th Cir. R. 47B.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.